DAVID A. ASTENGO
NEVADA BAR NO. 11045
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone:      415.979.0400
Facsimile:      415.979.2099
Email:      dastengo@selmanlaw.com

Attorneys for EVEREST NATIONAL INSURANCE
COMPANY

Eric S. Powers
Nevada Bar No. 12850
SELMAN BRIETMAN LLP
3993 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone:      702.228.7771
Facsimile:      702.228.8824
Email:      epowers@selmanlaw.com
Designated For Nevada Service Only
(Per L.R. IA 11-1(b)(1))

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY; an Illinois corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; and FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Defendants.<br><br>EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation,<br><br>Counterclaimant,<br><br>v. | Case No.   2:17-cv-02407-JAD-VCF<br><br>STIPULATION FOR EVEREST NATIONAL INSURANCE COMPANY FILING A FIRST AMENDED COUNTERCLAIM |

383181.1 1062.42956

Selman Breitman LLP
ATTORNEYS AT LAW

CENTEX HOMES, a Nevada general
partnership,

                Counterdefendant.

EVEREST NATIONAL INSURANCE
COMPANY, a Delaware corporation,

                Cross-Claimant,

     v.

INTERSTATE FIRE & CASUALTY
COMPANY, an Illinois corporation,

                Cross-Defendant.

      Defendant/Counterclaimant/Crossclaimant EVEREST NATIONAL INSURANCE COMPANY (hereinafter, "EVEREST") and Plaintiff/Counterdefendant CENTEX HOMES, and pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, hereby stipulate and agree that EVEREST may file a First Amended Counterclaim, a copy of which is attached as Exhibit "A" hereto.

                              PAYNE & FEARS, LLP

DATED:  February 23, 2018     By:     /s/ SARAH J. ODIA
                                    SARAH J. ODIA
                                    Nevada Bar No. 11053
                                    sjo@paynefears.com
                                    PAYNE & FEARS LLP
                                    6385 S. Rainbow Blvd., Suite 220
                                    Las Vegas, NV 89118
                                    ATTORNEYS FOR
                                    CENTEX HOMES

///

///

///

///

383181.1 1062.42956

SELMAN BREITMAN, LLP

DATED:  February 23, 2018     By:     /s/DAVID A. ASTENGO
                                      DAVID A. ASTENGO
                                      Nevada Bar No. 11045
                                      dastengo@selmanlaw.com
                                      SELMAN BREITMAN, LLP
                                      33 New Montgomery, Sixth Floor
                                      San Francisco, CA 94105
                                      ATTORNEYS FOR
                                      EVEREST NATIONAL INSURANCE
                                      COMPANY

# CERTIFICATE OF SERVICE

In accordance with Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that I am an employee of SELMAN BREITMAN LLP and that on February 23, 2018, a copy of STIPULATION FOR EVEREST NATIONAL INSURANCE COMPANY FILING A FIRST AMENDED COUNTERCLAIM was served on all CM/ECF registered parties by filing and serving the same using the CM/ECF filing system.

_____
SHANNON GAFFEY
An Employee of Selman Breitman LLP

383181.1 1062.42956

# EXHIBIT A

DAVID A. ASTENGO
NEVADA BAR NO. 11045
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone:     415.979.0400
Facsimile:     415.979.2099
Email:     dastengo@selmanlaw.com

Attorneys for Defendant/
Counterclaimant/Cross-Claimant
EVEREST NATIONAL INSURANCE
COMPANY

Eric S. Powers
Nevada Bar No. 12850
Selman Breitman LLP
3993 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:     702.228.7771
Facsimile:     702.228.8824
Email:     epowers@selmanlaw.com
Designated For Nevada Service Only
(Per L.R. IA 11-1(b)(1))

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTEX HOMES, a Nevada general partnership,<br><br>        Plaintiff,<br><br>   v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation; INTERSTATE FIRE & CASUALTY COMPANY, an Illinois corporation; LEXINGTON INSURANCE COMPANY, a Delaware corporation; and FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>        Defendants. | Case No.: 2:17-cv-02407-JAD-VCF<br><br><br>EVEREST NATIONAL INSURANCE COMPANY'S ANSWER TO CENTEX HOMES' FIRST AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM AGAINST CENTEX HOMES |

Selman Breitman LLP
ATTORNEYS AT LAW

Defendant, Counterclaimant and Cross-Claimant EVEREST NATIONAL INSURANCE COMPANY (hereinafter "Everest") by and through its counsel, answers the First Amended Complaint of plaintiff CENTEX HOMES (hereinafter "Plaintiff") as follows:

**RESPONSE TO PARTIES**

1.      Answering paragraph 1, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore, denies each and every allegation.

2.      Answering paragraph 2, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

3.      Answering paragraph 3, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

4.      Answering paragraph 4, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

5.      Answering paragraph 5, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

6.      Answering paragraph 6, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation same.

7.      Answering paragraph 7, Everest admits that it is that is a corporation organized and existing under the laws the State of Delaware, with its principal place of business in New Jersey. Everest further admits that it is an insurance company eligible to do business in Nevada.  Everest further admits that eligible to do business as an insurer in the State of Nevada.

8.      Answering paragraph 8, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and,

2

therefore, denies each and every allegation.

9. Answering paragraph 9, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore, denies each and every allegation.

10. Answering paragraph 10, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

## RESPONSE TO JURISDICTION AND VENUE

11. Answering paragraph 11, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every.

12. Answering paragraph 12, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

## RESPONSE TO GENERAL ALLEGATIONS

13. Answering paragraph 13, Everest admits that in the action captioned, *Kachnik, et al. v. Centex Homes*, District Court, Clark County, Nevada, Case No. A1-15-726385-D (the "Kachnik action"), it is alleged that Centex Homes "participated in" the design, development, construction, marketing and/or sale of the homes which are the subject of the action and which are located in a development known as Rose Lake, in Clark County, Nevada. With regard to all other allegations in paragraph 13, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

14. Answering paragraph 14, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

15. Answering paragraph 15, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and,

3

therefore, denies each and every allegation.

16.     Answering paragraph 16, Everest admits that it is aware of a document titled "Land Development Construction Agreement" purportedly between "Continental Landscaping & Sprinkler Company, Inc." and "Centex Homes", which reflects that it was executed in May, 2008, and which references the "Roselake" project. The content of the document speaks for itself. To the extent a further response is required, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

17.     Answering paragraph 17, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

18.     Answering paragraph 18, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore, denies the same.

19.     Answering paragraph 19, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore, denies each and every allegation.

20.     Answering paragraph 20, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore, denies each and every allegation.

21.     Answering paragraph 21, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

**Response to The Everest Policies**

22.     Answering paragraph 22, Everest admits that it is aware of a document titled "Land Development Construction Agreement," purportedly between Centex Homes and "Continental Landscaping & Sprinkler Company, Inc.," and which concerns the "Roselake" project, the "Rose Lake Units" subdivision and the "HOA Turnover" phase. With regard to the remaining allegations

375073.1 1062.42956

Selman Breitman LLP
ATTORNEYS AT LAW

in paragraph 22, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

23. Answering paragraph 23, Everest admits that it is aware of a document identified as a "Master Construction Agreement" purportedly between "Continental Landscaping & Sprinkler Co., Inc." and "Centex Homes dba Real Homes" and executed in September, 2006." Centex denies that the document specifically makes reference to any of the "Developments." Everest further admits that it is aware of a document titled "Land Development Construction Agreement" purportedly between "Continental Landscaping & Sprinkler Company, Inc." and "Centex Homes" which reflects it was executed in May, 2008, and which references the "Roselake" project. The content of each document speaks for itself. To the extent a further response is required, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

24 Answering paragraph 24, Everest admits that it issued policy numbers 1700003884-41 (effective 03/01/04 - 03/01/05), and 1700003884-51 (03/01/05 - 03/01/06) and 1700003884-61 (effective 03/01/06 - 03/01/07) and under which Continental Landscaping & Sprinkler Co. is an insured.

25. Answering paragraph 25, Plaintiff's allegation calls for a legal conclusion and no response is required. However, to the extent a further response is required, Everest denies that the contracts of insurance it issued specifically designate Plaintiff as an "additional insured."

26. Answering paragraph 26, Everest admits that it agreed to provide Plaintiff a defense in the Kachnik action under policy numbers 1700003884-41 and 1700003884-61 under a full and complete reservation of rights. Everest further admits that it is obligated to defend Plaintiff against such claims that are potentially covered under said policies and that other insurers have a duty to defend Centex along with Everest. Everest denies that the terms, conditions and provisions of policy number 1700003884-51 require that Everest provide Plaintiff a defense in the Kachnik action. As to the remaining allegations in paragraph 26, Everest denies the remaining allegations.

5

27. Answering paragraph 27, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

**Response to The Interstate Policies**

28. Answering paragraph 28, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

29. Answering paragraph 29, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

30. Answering paragraph 30, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

31. Answering paragraph 31, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

32. Answering paragraph 32, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

33. Answering paragraph 33, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

**Response to The Lexington Policies**

34. Answering paragraph 34, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

35. Answering paragraph 35, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and,

375073.1 1062.42956

Selman Breitman LLP
ATTORNEYS AT LAW

therefore, denies each and every allegation.

36. Answering paragraph 36, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and therefore, denies each and every allegation.

37. Answering paragraph 37, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

38. Answering paragraph 38, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

39. Answering paragraph 39, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

## Response to The Federal Policies

40. Answering paragraph 40, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

41. Answering paragraph 41, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

42. Answering paragraph 42, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

43. Answering paragraph 43, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

44. Answering paragraph 44, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and,

Selman Breitman LLP
ATTORNEYS AT LAW

therefore, denies each and every allegation.

45.    Answering paragraph 45, Everest is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of the allegations contained therein and,

therefore, denies each and every allegation

**Response to The Travelers Policy**

46.    Answering paragraph 46, Everest is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of the allegations contained therein and,

therefore, denies each and every allegation.

47.    Answering paragraph 47, Everest is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of the allegations contained therein and

therefore, denies each and every allegation.

48.    Answering paragraph 48, Everest is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of the allegations contained therein and,

therefore, denies each and every allegation.

49.    Answering paragraph 49, Everest is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of the allegations contained therein and,

therefore, denies each and every allegation.

50.    Answering paragraph 50, Everest is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of the allegations contained therein and,

therefore, denies each and every allegation.

51.    Answering paragraph 51, Everest is without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of the allegations contained therein and,

therefore, denies each and every allegation.

**Response To The _Kachnik_ Action**

52.    Answering paragraph 52, Everest admits that plaintiff homeowners filed a "First

Amended Complaint" in the Kachnik action.  Everest further admits that the plaintiff homeowners

allege in their First Amended Complaint that their homes have defects which was caused by the

acts or omissions in the "design, specification, planning, supervision observation of construction,

Selman Breitman LLP
ATTORNEYS AT LAW

construction, development and/or improvement" of the homes. With respect to the remaining allegations in paragraph 52, Everest further responds that the First Amended Complaint in the Kachnik action speaks for itself. To the extent a further response is required, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

53. Answering paragraph 53, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

54. Answering paragraph 54, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

55. Answering paragraph 55, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

56. Answering paragraph 56, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

57. Answering paragraph 57, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

58. Answering paragraph 58, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation

59. Answering paragraph 59, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

60. Answering paragraph 60, Everest admits that it received a correspondence from Koeller, Nebeker, Carlson & Hauluck, LLP, dated August 20, 2014, which document speaks for

itself, and that Everest considered Centex's correspondence in making its coverage determination as to the tender in connection with the Kachnick action. As to the remaining allegations in paragraph 60, these are Centex's legal contention(s) to which a response is not required.

61. Answering paragraph 61, Everest denies that Centex has incurred or will be forced to incur costs, fees or expenses due to any conduct by Everest. With respect to the remaining allegations in paragraph 61, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

**Response To Everest Responds To The _Kachnik_ Action**

62. Answering paragraph 62, Everest admits that it received a correspondence dated August 20, 2014, from Koeller, Nebeker, Carlson & Hauluck, LLP, tendering Centex's defense and indemnity of the action.

63. Answering paragraph 63, Everest admits that pursuant to an October 29, 2014 correspondence, Everest agreed to defend Plaintiff in the Kachnik action under policy numbers 1700003884-41 and 1700003884-61 under a full and complete reservation of rights, including the right to seek reimbursement of defense fees and costs which are not potentially covered under the policies.

Everest denies that agreed to provide Plaintiff a defense in the Kachnik action under policy number 1700003884-51. Everest further denies that it "limited its obligation" to pay toward the defense a portion of the sums owed.

64. Answering paragraph 64, Everest admits it has expended approximately $328,319.25 to provide Plaintiff a defense in the Kachnik action.

65. Answering paragraph 65, Everest admits that it has a duty to pay the reasonable defense fees and costs incurred for Plaintiff's defense in the Kachnik action which are potentially covered under the policies issued by Everest and under which Everest agreed to provide Plaintiff a defense under a full and complete reservation of rights, including the right to seek reimbursement of defense fees and costs which are not potentially covered under the policies.

375073.1 1062.42956

66.     Answering paragraph 66, Everest denies that Plaintiff was forced to expend, or will be forced to expend, time or money for its defense in the Kachnik action due to any failure by Everest.

**Response to Interstate Responds to the *Kachnik* Action**

67.     Answering paragraph 67, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

68.     Answering paragraph 68, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

69.     Answering paragraph 69, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

70.     Answering paragraph 70, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

71.     Answering paragraph 71, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

72.     Answering paragraph 72, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

73.     Answering paragraph 73, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

74.     Answering paragraph 74, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

375073.1 1062.42956

Selman Breitman LLP
ATTORNEYS AT LAW

1  75.   Answering paragraph 75, Everest is without sufficient knowledge or information

2  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

3  therefore, denies each and every allegation.

4  76.   Answering paragraph 76, Everest is without sufficient knowledge or information

5  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

6  therefore, denies each and every allegation.

7  **Response to Lexington Responds to the _Kachnik_ Action**

8  77.   Answering paragraph 77, Everest is without sufficient knowledge or information

9  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

10  therefore, denies each and every allegation.

11  78.   Answering paragraph 78, Everest is without sufficient knowledge or information

12  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

13  therefore, denies each and every allegation.

14  79.   Answering paragraph 79, Everest is without sufficient knowledge or information

15  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

16  therefore, denies each and every allegation

17  80.   Answering paragraph 80, Everest is without sufficient knowledge or information

18  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

19  therefore, denies each and every allegation.

20  **Response to Federal Responds to the _Kachnik_ Action**

21  81.   Answering paragraph 81, Everest is without sufficient knowledge or information

22  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

23  therefore, denies each and every allegation.

24  82.   Answering paragraph 82, Everest is without sufficient knowledge or information

25  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

26  therefore, denies each and every allegation.

27  83.   Answering paragraph 83, Everest is without sufficient knowledge or information

28  necessary to form a belief as to the truth or falsity of the allegations contained therein and,

12

Selman Breitman LLP
ATTORNEYS AT LAW

therefore, denies each and every allegation.

84. Answering paragraph 84, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

**Response to Travelers Responds to the _Kachnik_ Action.**

85. Answering paragraph 85, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

86. Answering paragraph 86, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

87. Answering paragraph 87, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

88. Answering paragraph 88, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies each and every allegation.

## RESPONSE TO FIRST CAUSE OF ACTION

### Breach of Contract

89. Answering paragraph 89, Everest repeats and re-alleges each and every answer set forth in paragraphs 1 - 88 as though fully set forth herein.

90. Answering paragraph 90, Everest admits that Plaintiff requested a defense from Everest regarding the Kachnik action. Everest further admits that it agreed to provide Plaintiff with a defense under policy numbers 1700003884-41 and 1700003884-61 under a full and complete reservation of rights, including the right to seek reimbursement of defense fees and costs which are not potentially covered under the policies. Everest denies that Plaintiff performed the obligations or otherwise satisfied the relevant conditions precedent to be entitled to a defense under policy number 1700003884-51. To the extent the allegations in paragraph 90 do not

concern Everest, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

91.     Answering paragraph 91, to the extent the allegations contained therein relate to Everest, Everest denies each and every allegation.  With regard to all other allegations therein, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies remaining same.

92.     Answering paragraph 92, to the extent the allegations contained therein relate to Everest, Everest denies each and every allegation.  With regard to all other allegations therein, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

## RESPONSE TO SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

93.     Answering paragraph 93, Everest repeats and re-alleges each and every answer set forth in paragraphs 1 - 92 as though fully set forth herein.

94.     Answering paragraph 94, Everest denies the allegations contained therein, save and except admits that a duty of good faith exists between an insurer and insured.

95.     Answering paragraph 95, to the extent the allegations contained therein relate to Everest, Everest denies each and every allegation.  With regard to all other allegations therein, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

96.     Answering paragraph 96, to the extent the allegations contained therein relate to Everest, Everest denies each and every allegation. With regard to all other allegations therein, Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

97.     Answering paragraph 97, to the extent the allegations contained therein relate to Everest, Everest denies each and every allegation. With regard to all other allegations therein, Everest lacks sufficient information or knowledge to form a belief as to the truth or falsity of those

14

Selman Breitman LLP
ATTORNEYS AT LAW

1   allegations contained therein and, therefore, denies the remaining allegations.

2       98.     Answering paragraph 98, to the extent the allegations contained therein relate to

3   Everest, Everest denies each and every allegation. With regard to all other allegations therein,

4   Everest lacks sufficient information or knowledge to form a belief as to the truth or falsity of those

5   allegations and, therefore, denies the remaining allegations.

6       99.     Answering paragraph 99, to the extent the allegations contained therein relate to

7   Everest, Everest denies each and every allegation. With regard to all other allegations therein,

8   Everest lacks sufficient information or knowledge to form a belief as to the truth or falsity of those

9   allegations and, therefore, denies the remaining allegations.

10      100.    Answering paragraph 100, to the extent the allegations contained therein relate to

11  Everest, Everest denies each and every allegation. With regard to all other allegations therein,

12  Everest lacks sufficient information or knowledge to form a belief as to the truth or falsity of those

13  allegations and, therefore, denies the remaining allegations.

14      101.    Answering paragraph 101, to the extent the allegations contained therein relate to

15  Everest, Everest denies each and every allegation. With regard to all other allegations therein,

16  Everest lacks sufficient information or knowledge to form a belief as to the truth or falsity of those

17  allegations and, therefore, denies the remaining allegations.

## RESPONSE TO THIRD CAUSE OF ACTION

### Violations of Nevada's Unfair Claims Settlement Practices Action,

### Nev. Rev. Stat. Ann. § 686A.310

21      102.    Answering paragraph 102, Everest repeats and re-alleges each and every answer set

22  forth in paragraphs 1 - 101 as though fully set forth herein.

23      103.    Answering paragraph 103, to the extent the allegations contained therein relate to

24  Everest, Everest denies each and every allegation. With regard to all other allegations therein,

25  Everest is without sufficient knowledge or information necessary to form a belief as to the truth or

26  falsity of the allegations contained therein and, therefore, denies the remaining allegations.

27      104.    Answering paragraph 104, to the extent the allegations contained therein relate to

28  Everest, Everest denies each and every allegation. With regard to all other allegations therein,

15

Selman Breitman LLP
ATTORNEYS AT LAW

1  Everest is without sufficient knowledge or information necessary to form a belief as to the truth or

2  falsity of the allegations contained therein and, therefore, denies the remaining allegations.

3      105.    Answering paragraph 105, to the extent the allegations contained therein relate to

4  Everest, Everest denies each and every allegation. With regard to all other allegations therein,

5  Everest is without sufficient knowledge or information necessary to form a belief as to the truth or

6  falsity of the allegations contained therein and, therefore, denies the remaining allegations.

7      106.    Answering paragraph 106, to the extent the allegations contained therein relate to

8  Everest, Everest denies each and every allegation. With regard to all other allegations therein,

9  Everest is without sufficient knowledge or information necessary to form a belief as to the truth or

10  falsity of the allegations contained therein and, therefore, denies the remaining allegations.

## RESPONSE TO FOURTH CAUSE OF ACTION

### Declaratory Relief

13      107.    Answering paragraph 107, Everest repeats and re-alleges each and every answer set

14  forth in paragraphs 1 - 106 as though fully set forth herein.

15      108.    Answering paragraph 108, Everest admits that pursuant to the allegations in the

16  Complaint, a controversy exists between itself and Plaintiff concerning certain alleged obligations

17  under the contracts of insurance issued by Everest. With regard to all other allegations therein,

18  Everest lacks sufficient information or knowledge to form a belief as to the truth or falsity of those

19  allegations and, therefore, denies the remaining allegations.

20      109.    Answering paragraph 109, to the extent the allegations contained therein relate to

21  Everest, Everest admits that denies each of Plaintiff's contentions. With regard to all other

22  allegations therein, Everest lacks sufficient information or knowledge to form a belief as to the

23  truth or falsity of those allegations and, therefore, denies the remaining allegations.

24      110.    Answering paragraph 110, Everest admits that by way of the Complaint, Plaintiff

25  seeks a judicial determination as to the issues pled therein. Everest denies that Plaintiff is entitled

26  to any such judicial determination as to Everest.

27      111.    Answering paragraph 111, to the extent the allegations contained therein relate to

28  Everest, Everest denies each and every allegation. With regard to all other allegations therein,

16

Everest is without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the remaining allegations.

## RESPONSE TO THE PRAYER FOR RELIEF

As to Plaintiff's prayer for relief and for all causes of action, Everest denies that Plaintiff to the relief sought.

## AFFIRMATIVE DEFENSES

As for separate affirmative defenses, Everest alleges the following:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, to the extent that the Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Everest.

## SECOND AFFIRMATIVE DEFENSE

### (Policy Provisions Bar Claims)

Plaintiff's claims are barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements, and/or limitations contained in the policies identified in plaintiff's complaint and purportedly issued by Everest.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions/Obligations Under the Policy)

Plaintiff's claims are barred, in whole or in part, because of a failure to perform conditions or obligations under the Everest policies.

## FOURTH AFFIRMATIVE DEFENSE

### (Deductibles/Self-Insured Retentions)

Plaintiff's claims are barred, in whole or in part, to the extent that any deductibles and/or self-insured retentions are included in the Everest policies and which have not been properly satisfied.

///

///

17

## FIFTH AFFIRMATIVE DEFENSE

### (Exhaustion/Impairment of Limits)

Plaintiff's claims are barred, in whole or in part, to the extent that the Everest policies are exhausted or otherwise impaired.

## SIXTH AFFIRMATIVE DEFENSE

### (Set-Off Entitlement)

Any amounts allegedly recoverable under the Everest policies, if any, must be reduced or offset by recoveries plaintiff has already obtained, or may in the future obtain, from other sources including, but not limited to, settlements with other insurers and sureties, subcontractors, and those subcontractors' insurers and sureties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Impairment of Subrogation and Contribution Rights)

Plaintiff's claims are barred, in whole or in part, to the extent that Everest's rights of subrogation and contribution have been impaired.

## EIGHTH AFFIRMATIVE DEFENSE

### (Non-Disclosure, Concealment, or Misrepresentation of Facts)

Plaintiff's claims are barred, in whole or in part, to the extent that any named insureds and/or alleged additional insured failed to disclose or otherwise concealed or misrepresented facts known to it which were material to the risk allegedly underwritten by Everest.

## NINTH AFFIRMATIVE DEFENSE

### (Other Insurance)

Plaintiff's claims are barred, in whole or in part, to the extent that other insurance covering the alleged claims is obligated to respond.

## TENTH AFFIRMATIVE DEFENSE

### (No Coverage for Non-Insureds)

Plaintiff's claims are barred, in whole, or in part, to the extent that they arise out of claims against any person or entity not an insured under the Everest policies.

Selman Breitman LLP
ATTORNEYS AT LAW

## ELEVENTH AFFIRMATIVE DEFENSE

### (Proper Allocation Required)

To the extent that Everest is found to have any obligation with regard to the damages alleged by plaintiff in the present action, a proper allocation of the loss as between Everest and other insurers is required. Such allocation may result in no sums being allocated to the Everest policies.

## TWELFTH AFFIRMATIVE DEESNE

### (Everest has Already Paid its Equitable Share)

To the extent that Everest is found to have any obligation with regard to the damages alleged by plaintiff in the present action, Everest has already contributed more than its equitable share toward Centex's defense and/or indemnity.

## THIRTEENTH AFFIRMATIVE DEFNSE

### (Unreasonable Attorney's Fees-Hourly Rates)

Everest has no obligation to contribute towards attorney's fees sought by plaintiff to the extent that the hourly rate charged was unreasonable and excessive.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Pre-Tender Defense Costs not Covered)

Plaintiff's claims are barred, in whole or in part, to the extent that any defense fees and costs were incurred prior to the time the defense was tendered, if ever tendered, to Everest.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unreasonable Costs or Payment)

To the extent that coverage is proved to exist under the Everest policies for plaintiff's alleged claims, Everest is not required to reimburse, indemnify or otherwise make payment for any unreasonable, excessive, improper, unnecessary, or unrelated costs or sums incurred by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mitigation Obligation)

Plaintiff's claims are barred, in whole or in part, because the named insured and/or alleged additional insured have failed to mitigate, minimize, or avoid any damages allegedly sustained,

and any recovery against Everest must therefore be reduced by the amount of damages incurred as a result of that failure.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Damages not Within Policy Terms)

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged damage for which coverage is sought did not take place during the effective dates of the Everest policies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Voluntary Payments)

Plaintiff's claims are barred, in whole or in part, to the extent that any insured made any payments, assumed any obligation, or incurred any expense, other than for first aid, without Everest's consent.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Waiver, Estoppel, and Laches)

Plaintiff's claims are barred and/or plaintiff is precluded from seeking any relief asserted herein by the doctrines of waiver, estoppel, and/or laches.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Plaintiff is barred from seeking any equitable relief by reason of its own unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Good Faith)

At all times material herein, Everest acted reasonably and in good faith toward the plaintiff based upon all relevant facts and circumstances known to it at the time, and fully performed all terms, conditions, covenants and promises to be performed pursuant to the applicable policies, except where such performance was excused, discharged or prevented.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Genuine Dispute)

The interpretation of any applicable Everest policy is based upon genuinely disputable issue(s) and/or question(s) of law or fact.

375073.1 1062.42956

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Everest is informed and believes and thereon alleges that the claim for extra contractual and/or punitive damages and/or the award and/or recovery of extra contractual and/or punitive damages is unconstitutional under the United States and Nevada Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation to Amend)

Everest reserves the right to amend, supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by plaintiff and/or upon discovery and investigation in this matter.

## PRAYER

WHEREFORE, having fully responded to the subject complaint, Everest prays:

1.    That Plaintiff take nothing by reason of its Complaint herein;

2.    That Plaintiff's Complaint be dismissed with prejudice and that Everest be awarded judgment against plaintiff;

3.    That Everest be awarded all of its costs incurred in connection with this action; and

4.    That Everest be awarded such other and further relief as the court may deem just and proper.

DATED: February 23, 2018          SELMAN BREITMAN LLP

                                  By:    /s/DAVID A. ASTENGO
                                         DAVID A. ASTENGO
                                         NEVADA BAR NO. 11045
                                         33 New Montgomery, Sixth Floor
                                         San Francisco, CA 94105-4537
                                         Phone: 415.979.2082
                                         Facsimile: 415.979.2099
                                         Attorneys for Defendant/
                                         Counterclaimant/Cross-Claimant, EVEREST
                                         NATIONAL INSURANCE COMPANY

Selman Breitman LLP
ATTORNEYS AT LAW

## EVEREST NATIONAL INSURANCE COMPANY'S FIRST AMENDED
## COUNTERCLAIM AGAINST CENTEX HOMES

COMES NOW defendant/counterclaimant EVEREST NATIONAL INSURANCE COMPANY (hereinafter "Everest"), by and through its counsel, and for its First Amended Counterclaim against plaintiff/counterdefendant CENTEX HOMES (hereinafter, "Centex") alleges as follows:

### THE PARTIES

1.      Everest is informed and believes, and on that basis alleges, that at all times relevant, Centex was and is a Nevada general partnership with its principal place of business in Atlanta, Georgia.

2.      Everest is an organization organized under the laws of the State of Delaware, with its principal place of business in New Jersey.  Everest is as an insurer eligible to do business in the State of Nevada.

### JURISDICTION AND VENUE

3.      This Court has original jurisdiction founded on diversity of citizenship pursuant to 28 U.S.C. §1332, because the matters in controversy exceed $75,000.00, exclusive of interest and costs, and because complete diversity exists between Centex and Everest.

4.      Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

### GENERAL ALLEGATIONS

5.      Everest issued certain insurance policies to Continental Landscaping & Sprinkler Company Co. (hereinafter, "Continental") identified by policy number 1700003884-041, effective March 1, 2004 to March 1, 2005, and 1700003884-061, effective March 1, 2006 to March 1, 2007 (hereinafter, collectively the "Everest Policies").

6.      Everest is informed and believes, and on that basis alleges, that Centex participated in the construction of one or more residential developments known as Terraces, Berkshire Estates, Berkshire Estates II and Cantura, which are collectively herein referred to as "the developments" and which are located in Las Vegas, Nevada.

7.      Everest is informed and believes, and on that basis alleges, Continental contracted

22

Selman Breitman LLP
ATTORNEYS AT LAW

1   with Centex to provide certain fine grading services and materials for the building of one or more

2   of the developments.

3        8.    Certain homeowners in the developments brought an action captioned, *Kachnik, et*

4   *al. v. Centex Homes, et al.*, Eighth Judicial District Court, Clark County, Nevada, Case No. A-15-

5   726385-D (hereinafter the "Kachnik action"), against Centex and alleging, among other things,

6   that homes in one or more of the developments contained were defective and negligently

7   constructed and that these defects caused damages for which Centex is liable.

8        9.    Everest received a correspondence from Koeller, Nebeker, Carlson & Hauluck,

9   LLP (hereinafter, the "Koeller law firm") who was representing Centex with respect to the

10   Kachnik action.  By way of the correspondence, it was requested that Everest provide Centex a

11   defense and indemnity under the Everest Policies in the Kachnik action. The Koeller firm

12   purported to enclose copies of certain documents with the correspondence but not contract(s)

13   pursuant to which Continental purportedly performed work at the developments.

14        10.    In response to the Koeller law firm's tender of the Kachnik action on Centex's

15   behalf, Everest accepted the tender and agreed to provide a "complete defense," and which

16   "include covered and uncovered claims," and immediately defended Centex as an additional

17   insured under the Everest Policies through the Koeller law firm and under a full and complete

18   reservation of rights, including, but not limited to, the right to seek reimbursement from Centex

19   for defense fees and costs paid by Everest or otherwise incurred for the defense of claims asserted

20   against Centex in the action that are not even potentially covered under the Everest Policies.  Upon

21   its receipt of Everest's correspondence wherein it agreed to defend Centex, Centex did not

22   communicate an objection to Everest's reservation of its right to seek such reimbursement from

23   Centex.

24        11.    Everest is informed and believes, and on that basis alleges, that the claims in the

25   Kachnik action seek damages from Centex for property damage arising out of the work or

26   operations of various subcontractors, and not only Continental, with whom Centex contracted to

27   provide certain work, services and/or materials for the building of one or more of the

28   developments.

Selman Breitman LLP
ATTORNEYS AT LAW

12.     Everest has paid and otherwise incurred in excess of $300,000 in defense fees and costs on behalf of Centex to provide Centex the defense in the Kachnik action.

## FIRST CAUSE OF ACTION FOR EQUITABLE REIMBURSEMENT

13.     Everest hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this First Amended Counterclaim as though fully set forth herein.

14.     Everest has defended Centex through the Koeller law firm against the claims in the Kachnik action and paid and otherwise incurred defense fees and costs incurred by Centex in defense of the action. Everest did not pay or incur these sums as a volunteer.  When Everest agreed to defend Centex, Everest explicitly reserved the right to seek reimbursement from Centex for defense fees and costs paid by Everest for the defense of claims asserted against Centex in the Kachnik action that are not potentially covered under the Everest Policies.

15.     Certain claims asserted against Centex in the Kachnik action are not potentially covered under the Everest Policies.

16.     Everest has paid and otherwise incurred defense fees and costs to provide Centex the defense in the Kachnik action against claims which are not even potentially covered under the Everest Policies.  Centex has, therefore, been unjustly enriched by Everest's payments.

17.     As a result of Centex's unjust enrichment, a quasi-contractual right of reimbursement has arose in favor of Everest in the amount Everest paid and otherwise incurred for the defense of Centex against claims in the Kachnik action which are not potentially covered under the Everest Policies.  The precise amount of the reimbursement that is appropriate will be subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Everest requests the following relief from this Court:

1.     For a judgment in favor of Everest for reimbursement in the amount to be determined at trial, but in any event in an amount greater than $75,000 for defense fees and costs that Everest paid or otherwise incurred under the Everest Policies to defend Centex against claims in the Kachnik action which are not potentially covered under the Everest Policies;

24

1.    2.     For interest at a legal rate until the judgment is paid;

2.    3.     For attorneys' fees and costs; and

3.    4.     For such other and further relief as the court deems just and proper.

DATED: February 23, 2018              SELMAN BREITMAN LLP

*/s/DAVID A. ASTENGO*
DAVID A. ASTENGO
NEVADA BAR NO. 11045
33 New Montgomery, Sixth Floor
San Francisco, CA 04105-4537
Defendant/Counterclaimant/Cross-
Claimant, EVEREST NATIONAL
INSURANCE COMPANY

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
DATED:     2-26-2018