Ramiro Morales
State Bar No. 007101
William C. Reeves
State Bar No. 008235
MORALES FIERRO & REEVES
600 S. Tonopah Drive, Suite 300
Las Vegas, NV  89106
Telephone: 702/699-7822
Facsimile: 702/699-9455

Attorneys for Defendant/Third Party Plaintiff
St. Paul Fire and Marine Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTEX HOMES, | Case No.: 2:17-cv-02407-JAD-VCF |
| Plaintiff, | PROTECTIVE ORDER |
| vs. | |
| ST. PAUL FIRE & MARINE INS. CO., et al. | |
| Defendants. | |
| and related matter(s). | |

The parties to this case stipulate and agree as follows:

WHEREAS, this action is an insurance coverage dispute ("Instant Action") arising from an active underlying construction defect lawsuit styled *Kachnik v. Centex Homes*, Clark County Superior Court Case No.: A726385 ("Underlying Action");

WHEREAS, Centex and Travelers (collectively "Parties") agree that discovery in this case may involve the production of confidential, proprietary and/or private information for which special protection from public disclosure may be warranted.

WHEREFORE, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

I.     Definitions

a.     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

b. CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

c. Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

d. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

e. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Instant Action.

f. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Instant Action.

g. House Counsel: attorneys who are employees of a Party to the Instant Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

h. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Instant Action.

i. Outside Counsel of Record: attorneys who are not employees of a Party to the Instant Action but are retained to represent or advise a Party to the Instant Action and have appeared in the instant Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

j. Party: any party to the Instant Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

k. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in the Instant Action.

l. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

storing, or retrieving data in any form or medium) and their employees and subcontractors.

m. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

n. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

II. Scope

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Protected Material shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspaper, magazines, bulletins, marketing material, or other media available publicly or privately.

Protected Material may be copied or reproduced only to the extent reasonably necessary for the conduct of the Instant Action. All such copies or reproductions shall be subject to the terms of this Protective Order.

However, the protections conferred by this Stipulation and Order do not cover the following information:

(a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

(b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

III. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Instant Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Instant Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

IV. <u>Designating Protected Material</u>

    A. Designation For Information in Documentary Form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings).

        1. The Producing Party shall affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s). The Producing Party shall also affix one of the following legends to each page containing protected materials:

            a. "PRODUCED TO CENTEX ONLY" for documents only produced to Centex.

            b. "PRODUCED TO ALL PARTIES" for documents produced to all parties in the litigation.

        2. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed conditionally CONFIDENTIAL.

        3. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s).

    B. Designation for Deposition Testimony/Hearings

1. The Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to five (5) days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are actually designated for protection within the 5-day period shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 5 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

2. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

3. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

4. A transcript that is prepared before a timely designation shall be treated during that period as conditionally CONFIDENTIAL in its entirety unless otherwise agreed. After the expiration of the designation period, the transcript shall be treated only as actually designated.

C. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

V. <u>Challenging Confidentiality Designations</u>

A. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

5

STIPULATION                                      Case No.: 2:17-cv-02407-JAD-VCF

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  B. Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  C. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of either: the parties agreeing that the meet and confer process will not resolve their dispute; or a participating party's written notification that it is withdrawing from the meet and confer process. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days shall, upon 5 court days' written notice from a Challenging Party, automatically waive the confidentiality designation for each challenged designation. In such case the Designating Party may file a motion for relief from the waiver within 5 court days after the Challenging Party's written notice of waiver. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition

transcript or any portions thereof. A Challenging Party filing a motion pursuant to this provision must have complied with the foregoing meet and confer requirements and time limitations. Any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

VI. Access To And Use Of Protected Material

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only (and no other case) for prosecuting, defending, or attempting to settle this litigation. Protected Material may not be used for any other purposes, including any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" to:

1. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation

2. Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

3. The Court and its personnel;

4. Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

5. During their depositions or other testimony other oath, witnesses in the Instant Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

6. The author(s) or recipient(s) of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7. Counsel for the parties, including their employees and any other individual or entity performing reasonable and necessary services to counsel in the litigation of the Instant Action.

Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, and the parties or their designated representatives), counsel for the Receiving Party shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. (See Exhibit A.) All such acknowledgments shall be retained by Counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing Counsel.

VII. Filing Of Confidential Material

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may <u>not</u> file in the public record in the Instant Action any Protected Material, but must instead file the document under seal. comply with LR 10-5

VIII. Unauthorized Disclosure Of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) provide such person with a copy of this Protective Order and use its best efforts to obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions (See Exhibit A). Any unauthorized disclosure of Protected Materials shall be subject to an award of sanctions and/or Order of Contempt subject to the Court's discretion.

IX. Inadvertent Production Of Protected Material

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

X. <u>Destruction of Protected Material</u>

Within ***ninety (90) days*** after final termination of this case, each Party shall assemble all Protected Materials and shall, at its option, either: (a) return such Protected Materials to the Producing Party, (b) destroy it, or (c) store or archive copies of Protected Materials in a computer location as needed to comply with law, regulation, accounting, auditing or reinsurance purposes, and/or document retention policies and procedures; provided that any retained Protected Materials shall remain subject to the terms of this Protective Order and Counsel for a Party shall be entitled to retain a copy of all pleadings, motion papers, legal memoranda, correspondence, work product, attorney-client communications that include or are derived from Protected Materials, a filed copy of the Protected Materials created by such Counsel or retained consultants during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court, and a copy of all depositions, including exhibits and deposition evaluations containing Protected Materials. If a Party elects to destroy the Protected Materials, a Certificate of Destruction shall be served on all Counsel within ***ninety (90) days*** of final termination of the Instant Action. Unless otherwise indicated, insurer Parties will be assumed to be subject to document retention policies that require them to maintain a copy of all Protected Materials in their claim files, which will also contain a copy of this Protective Order and be subject thereto.

XI. <u>Miscellaneous</u>

  A. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

  B. Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground whether or not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any matter that it would otherwise possess under

applicable law.

XII. Modification Or Revocation By Court

The Court may modify or revoke this Order on its own motion in the interests of justice or for public policy reasons or, alternatively upon determination following a properly noticed application for relief from any Party.

IT SO STIPULATED.

Dated: August 20, 2019

| PAYNE & FEARS | MORALES FIERRO & REEVES |
|---|---|
| By /s/ Sarah Odia<br>Sarah Odia<br>Payne & Fears<br>Attorneys for Centex | By /s/ William C. Reeves<br>William C. Reeves<br>Morales Fierro & Reeves<br>Attorneys for Travelers |
| ROPERS MAJESKI | GRAD LAW FIRM |
| By /s/ Timothy Lepore<br>Timothy Lepore<br>Ropers Majeski<br>Attorneys for Lloyds | By /s/ Laleaque Grad<br>Laleaque Grad<br>Grad Law Firm<br>Attorneys for First Specialty Insurance Corporation |
| KAUFMAN DOLOWICH & VOLUCK LLP | CARMAN COONEY |
| By /s/ Christine Magarian<br>Christine Magarian<br>Kaufman Dolowich & Voluck LLP<br>Attorneys for Lexington Insurance Company and New Hampshire Insurance Company | By /s/ Benjamin Carman<br>Benjamin Carman<br>Carman Cooney<br>Attorneys for Interstate |
| SELMAN BREITMAN | |
| By /s/ Todd Haas<br>Todd Haas<br>Selman Breitman<br>Attorneys for Everest | |

The Court, having considered the stipulation of the Parties and good cause appearing, orders as follows:

The Stipulated Protective Order is approved and shall be followed in this case.

IT IS SO ORDERED.

Dated: August 22, 2019

_____
Cam Ferenbach
United States Magistrate Judge

Exhibit A

# Exhibit A

By signing below, I acknowledge the following:

1. I have been provided a copy of the Protective Order filed in the matter styled *Centex Homes v. St. Paul and Marine Ins. Co.*, United States District Court, District of Nevada Case No.: 17-cv-02407 filed on _____ ("Protective Order").

2. I have read the Protective Order and agree to be bound by its provisions.

IT IS SO AGREED.

Dated:_____

By:_____

Name:_____

Title:_____